UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

MARY PRESTA,

                    Plaintiff,          NO.  CV-10-464-JPH

        v.                              ORDER ON DEFENDANT'S MOTION FOR
                                        SUMMARY JUDGMENT
WEST CUSTOMER MANAGEMENT
GROUP, LLC,

                    Defendant.


## I. INTRODUCTION

BEFORE THE COURT is defendant's motion pursuant to Federal Rule of Civil Procedure 56 for summary judgment, ECF No. 19, noted for hearing without argument on December 19, 2011, ECF No. 45. On November 30, 2011, plaintiff responded[1] (ECF No. 46). Defendant replied December 9, 2011 (ECF No. 50, 51). Plaintiff is represented by Paul J. Burns. Defendant is represented by Amy Dashiell. The parties have consented to proceed before a magistrate judge (ECF No. 12).

Plaintiff's complaint was removed to federal court on December 27, 2010 (ECF No. 1). Defendant answered on December 30, 2010 (ECF No. 2). ///

---

[1]Plaintiff's response was due November 29, 2011 (ECF No. 44). It was filed one day late, on November 30, 2011 (ECF No. 46, 47). Plaintiff is directed to Fed. R. Civ. P. 6(b), requiring parties to move for an extension of time when filing is untimely.

ORDER ON SUMMARY JUDGMENT
  1

**II. FACTS**

West (Defendant) hired Mary Presta (Plaintiff) as a customer service representative in July 2008. She was promoted to the position of licensed agent in 2009, began training for this position in early February 2010, and started working as an agent later that month (ECF No. 20-3, Ex. B at 149; ECF No. 47 at 3). When West eventually terminated Ms. Presta, she filed this lawsuit.

West asserts Presta had "numerous performance problems during her tenure as a licensed agent," resulting in disciplinary action. This included giving two "Performance Improvement Notices" (PINs). The first, a Step II PIN, was a 60 day warning. West issued this PIN on May 17, 2010. Presta had not yet requested leave under the FMLA.

West issued a second the second disciplinary notice, a Step III PIN, on June 25, 2010. This was a disciplinary action of 90 days probation for inadequate sales production. West notified Presta of the Step III action by phone. She was on FMLA leave at the time, having requested and been granted FMLA leave on June 2, 2010. On July 2, 2010, Presta fired West, citing the need for a reduction in force (RIF)(ECF No. 47 at 4-8).

West asserts Presta was one of six licensed agents "eliminated from her group as part of a reduction-in-force (RIF) mandated by decreased client [Aetna's] needs." West determined the employees to be eliminated by examining performance, quality, schedule adherence, tenure, PIN history, and productivity. Presta's termination was effective July 2, 2010 (ECF No. 19 at 1-5).

As set forth below in greater detail, after she was fired, Presta

ORDER ON SUMMARY JUDGMENT
2

sued West alleging four claims: age discrimination; breach of promise/wrongful termination; use of family leave under the Family and Medical Leave Act (FMLA) as an impermissible factor in the termination decision; and wrongful denial of wages. Presta's complaint alleges she performed her job "competently and well, and met the legitimate expectations of her employer" (ECF No. 1 at 1.3, 2.2, 2.3, 3.2, 3.3, 4.2-4.4, and 5.2).

### III. CLAIMS

**A. Claims One and Four - age discrimination & denial of wages**

Presta alleged unlawful age discrimination in violation of RCW 49.60.180(2)(ECF No. 1 at 2.3), but stipulated to dismissal of this claim in her summary judgment response (ECF No. 46 at 10). This claim is dismissed with prejudice.

Similarly, plaintiff's fourth claim alleged West owed her unpaid wages under RCW 49.48.010, 49.52.050, and 49.52.070 (ECF No. 1 at 5). As with the first claim, Presta stipulated to dismissal in her summary judgment response (ECF No. 46 at 11). Plaintiff's fourth claim is also dismissed with prejudice.

**B. Claim Two - breach of promise/wrongful termination**

Presta alleges she was fired without West first providing "pre-termination progressive discipline," in violation of enforceable promises in its employee handbook and practices (ECF No. 1 at 3.3, 47 at 15-19).

Defendant asserts plaintiff was fired as part of its reduction in force, rather than for disciplinary reasons; plaintiff was an at-will employee, with knowledge of this status; West followed its written

ORDER ON SUMMARY JUDGMENT
  3

disciplinary policy, and made no specific promises it could have breached. West asserts because the disciplinary policy is discretionary on its face, it does not create a promise of specific treatment (ECF No. 19 at 12-17).

**C. Claim three - was plaintiff's use of FMLA leave an impermissible factor in West's decision to fire her?**

The parties agree Presta was approved for twelve weeks of leave under the Family Medical Leave Act, 29 U.S.C. § 2601, on June 2, 2010 (ECF No. 20 at ¶ 27, admitted at ECF No. 46, ¶ 10). On July 2, 2010, while on leave, she was fired. Presta alleges West did not offer her reinstatement to her original position, or an equivalent position, when her FMLA leave ended (ECF No. 47 at 9). Presta alleges her use of medical leave was an impermissible factor in West's decision to fire her, in violation of 29 U.S.C. § 2615 (ECF No. 1 at 4.3-4.4; 47 at 8-10).

West responds that this claim fails. First, plaintiff was issued the first PIN on May 17, 2010, well before Presta asked for and began FMLA leave on June, 2, 2010. Second, when they determined who would be part of the reduction in force (RIF), West considered employee performance through May 31, 2010 -- again, before Presta sought and began leave on June 2, 2010. West asserts under these facts, plaintiff fails to show a violation under the family leave statute (ECF No. 19 at 18-19; 50 at 14-15). Presta responds, in part, that she was disciplined for low production rates, but this was because she was required to cover a customer service position, taking time away from sales (ECF No. 47 at 3-5, 10, 18). West asserts plaintiff was fired as part of the RIF rather

ORDER ON SUMMARY JUDGMENT
  4

than pursuant to the two disciplinary measures it took against Ms. Presta.

## IV. SUMMARY JUDGMENT

Summary judgment is granted when the moving party can show there is "no genuine dispute as to any material fact," and is therefore "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 allows the court to dispose of claims that are factually unsupported, and enter summary judgment against the party who has failed to sufficiently establish the existence of an essential element of his case, which he would bear the burden of proving at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986). This is because a "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 322-323.

"Material facts" are those that are "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). There is no "genuine dispute" regarding a material fact unless there is sufficient evidence for the jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 249 (1986). The court's inquiry at summary judgment is therefore whether a reasonable jury could find by the preponderance of the evidence that the nonmoving party is entitled to a verdict. *Id*. at 252. This requires the evidence necessary for a jury to reasonably find for the nonmoving party; not simply a "scintilla" of evidence supporting the position of the nonmoving party. *Id*. at 252.

Both parties must support their positions by citing to the record

or other materials, including depositions, affidavits, declarations, and interrogatory answers, or by showing that the opposing party and/or the cited materials have not or are unable to "establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56 (c)(1). The inferences drawn from the underlying facts of the case are "viewed in the light most favorable" to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). When the moving party meets its initial burden of showing that there is no "genuine dispute," the nonmoving party must show there is some genuine dispute for trial. *Anderson*, 477 U.S. at 250. Submitting conclusory allegations in an affidavit is not sufficient to defeat summary judgment; for instance, the Court held insufficient a plaintiff's allegation of a conspiracy without "any significant probative evidence tending to support the complaint." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson,* 477 U.S. at 249. The nonmoving party must produce "at least some significant probative evidence tending to support the complaint." *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.

When the nonmoving party has not carried his burden of proof by making a "sufficient showing" on an "essential element" of his case, the moving party is "entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323. However, if the evidence is such that a "rational trier of fact *might* resolve the issue in favor of the nonmoving party," the court must deny summary judgment. *T.W. Elec. Serv., Inc.*, 809 F.2d at 631 (emphasis added).

///

ORDER ON SUMMARY JUDGMENT
  6

## V.   DISCUSSION

### A. Breach of promise/wrongful termination

Presta alleges West made enforceable promises of "pre-termination progressive discipline" in its employee handbook and/or policy manual, and breached them, in violation of state law (ECF No. 1 at 3.2-3.3; ECF No. 20-1 at Ex. A, page 100-102; ECF No. 47 at 13-19). West answers that it made no promises of specific treatment, plaintiff knew she was an at-will employee of uncertain duration, and, in any event, West complied with its progressive discipline policy (ECF No. 19 at 13-17).

Citing *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219 (1984), Presta responds that whether an employer made promises of specific treatment in specific situations, and whether the employer breached those promises, are generally factual issues for the jury (ECF No. 47 at 14); *see also Swanson v. Liquid Air Corp.*, 118 Wn.2d 512 (1992). Presta asserts the handbook lacks "at will" language, and when this is combined with the company's practice of progressive discipline, a triable issue of fact is created as to whether West made enforceable promises of "fair and equitable treatment and progressive discipline" (ECF No. 47 at 15-16).

Even viewed in the light most favorable to Presta, she fails to establish West made and violated promises of specific treatment.

Presta admits she signed a "Production Statement of Understanding" when hired. It clearly states employment is at-will and creates no enforceable contractual rights (ECF No. 46 at ¶ 1, admitting ECF No. 20 at ¶ 3). She admits she was given a policy manual when hired, and the manual indicates discipline would be fact based and the corrective

procedures could begin at any step appropriate to the seriousness of the incident. She admits she understood this (ECF No. 46 at ¶ 1, admitting ECF No. 20 at ¶ 4, ¶ 5).

Plaintiff contends the Step II PIN was a written 60 day warning notice, and West verbally issued the Step III just over 30 days later, meaning she was not given 60 days to improve. She further alleges West did not give her 90 days of probation (as the Step III indicated) because she was fired while on leave and unable to correct deficiencies (ECF No. 47 at 16-18).

But, as indicated, Presta knew discipline would be administered on a case by case basis, depending on the facts, and no particular order was required.

Presta was notified by phone of her Step III discipline on June 24, 2010. She was terminated on July 2, 2010. Thereafter, on July 24, 2010, West provided follow up written documentation of the Step III discipline that had been issued orally. Unfortunately, the follow up was documented using an outdated form[2]. Plaintiff seems to assert that by using this form, West made a specific enforceable promise (ECF No. 20-5, Ex. D at 185, ECF No. 47 at 17-18).

Her assertion fails. Plaintiff could not have justifiably relied on the written language in the PIN III notice since she received it after she had been terminated.

Policy in effect at the time she was verbally given the Step III is

---

[2]The form mistakenly states a Step III Pin requires prior approval by Employee Relations. This policy was no longer in effect when West issued Presta's Step III PIN.

ORDER ON SUMMARY JUDGMENT
    8

contained in the policy manual she received. Management was permitted to "begin at any step appropriate to the seriousness of the incident." Most importantly, Presta knew West did not have to go through every step in the disciplinary process (ECF No. 46 at ¶ 2, admits to defendant's statement of facts ¶ 3 and ¶ 4 at ECF No. 20 pages 3-4).

An employer will be bound by promises of specific treatment in specific situations if the employee is induced by those promises to remain on the job and not to seek other employment. *See Thompson v. St. Regis Paper Company*, 102 Wn.2d at 230. The employee must prove that (1) a statement in an employee manual or similar document amounts to a promise of specific treatment in specific situations, (2) the employee justifiably relied on that promise, and (3) the employer breached that promise. *Korslund v. Dyncorp Tri-Cities Servs., Inc.* 156 Wn.2d 168, 184-185 (2005).

Taking the evidence in the light most favorable to plaintiff, there is no evidence West made specific enforceable promises as alleged. Plaintiff knew her terms of employment were at-will. She admits she knew the disciplinary stages did not have to follow any particular order. She could not have relied on a "promise" that the Step III PIN was subject to approval by Employee Relations. Plaintiff fails to raise a genuine issue of material fact as to this claim. It is dismissed with prejudice.

**B. Family Leave Act**

Under the Family Medical Leave Act (FMLA), it is "unlawful for an employer to interfere with, restrain, or deny the exercise of or attempt to exercise any [FMLA rights]." 29 U.S.C. § 2615(a)(1). The rights are twofold: the right to use a certain amount of leave for protected

ORDER ON SUMMARY JUDGMENT
  9

reasons, and the right of the employee to return to his or her job or an equivalent job after using protected leave. 29 U.S.C. §§ 2612(a), 2614(a). Under the FLMA, "attaching negative consequences to the exercise of protected rights surely 'tends to chill' an employees' willingness to exercise those rights: Employees are, understandably, less likely to exercise their FMLA leave rights if they can expect to be fired or otherwise disciplined for doing so." *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir.2001)(internal citation omitted). This is a case of alleged interference. Plaintiff contends West burdened or denied her a substantive right to which she is entitled under 29 U.S.C. § 2615(a)(1): the right to reinstatement (ECF No. 47 at 10).

To prevail on a claim that FMLA leave was impermissibly considered in the decision to terminate, the employee must prove by a preponderance of the evidence that taking FMLA leave was a negative factor in the decision to terminate her, by using direct or circumstantial evidence, or both. *See Liu v. Amway Corp.*, 347 F.3d 1125, 1136 (9th Cir.2003); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir.2001).

Importantly, "[t]he FMLA does not entitle the employee to any rights, benefits, or positions they would not have been entitled to had they not taken leave." *Liu*, 347 F.3d at 1132 (citing 29 U.S.C. § 2614(a)(3)(B)). Similarly, 29 C.F.R. § 825.216(a) provides:

> An employee has no greater right to reinstatement or to other benefits and conditions of employment than if the employee had been continuously employed during the FMLA leave ... For example: (1) **If an employee is laid off during the course of taking FMLA leave and employment is terminated, the employer's responsibility to...restore the employee cease[s] at the time the employee is laid off[.]**

ORDER ON SUMMARY JUDGMENT
    10

(emphasis added).

Although proximity in time between the leave and termination provides supporting evidence of a connection between the two events, *Hodgens*, 144 F.3d at 168; *Gutierrez v. Grant County*, 2011 WL 1654548 (E.D.Wash. at 4)(internal citation omitted), standing alone it is likely insufficient.

An employer's undisputed explanation for the timing of deciding to terminate and FMLA leave may entitle the employer to summary judgment on a FMLA claim. *See Matthews v. Alhambra School District*, 2009 WL 2734950 (D.Ariz.). In an unpublished case, the Ninth Circuit found negative performance evaluations prior to request for FMLA leave provides, in part, a basis for finding the employer is entitled to summary judgment on a claim FMLA leave was a negative factor in the decision to terminate. *Phillips v. PacifiCorp*, 304 Fed.Appx. 527, 2008 WL 5272490 (9th Cir.2008).

"Section 2615(a)(1) is nevertheless not a strict liability statute," and an employer is not necessarily liable under the FMLA anytime it fires an employee who has requested or is on FMLA leave." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1006 (10th Cir.2011), citing *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1180 (10th Cir.2006). An employee may be dismissed, preventing her from exercising her statutory right to FMLA leave, if the dismissal would have occurred regardless of the employee's request for or taking of FMLA leave. *See Twigg*, 659 F.3d at 1006 (citations omitted). The FMLA does not provide employees with a right against termination for a reason other than interference with rights under the FMLA. *Sarnowski v. Air*

ORDER ON SUMMARY JUDGMENT
 11

*Brooke Limousine, Inc*., 510 F.3d 398, 403 (3rd Cir. 2007); *see* 29 U.S.C. § 2614(a)(3)(B); *see also Throneberry v. McGehee Desha County Hosp*., 403 F.3d 972, 977 (8th Cir. 2005); *Bones v. Honeywell Int'l., Inc*., 366 F.3d 869, 877 (10th Cir.2004); *Arban v. West Publ'g Corp*., 345 F.3d 390, 401 (6th Cir.2003).

Here, the employer has set forth specific reasons why plaintiff was included in the six employees who were part of the reduction in force: poor sales performance and issuance of a Step II disciplinary warning, both before she requested and went on FMLA leave. Further, plaintiff admits that her FMLA leave did *not* factor into the reduction in force criteria (ECF No. 20 at 14-15; ECF No. 46 at 6). Even viewed in the light most favorable to plaintiff, the Court finds she does not raise a genuine issue of material fact with respect to whether her FMLA leave constituted a negative factor in West's decision to terminate her.

In this case there is insufficient evidence to create an issue of material fact that Presta was terminated because she asked to take FMLA leave. As noted, she was disciplined (Step II) before she asked for and took leave. The decision to terminate her as part of the RIF was based on her poor performance through the end of May, again, before she asked for and took FMLA leave on June 2, 2010.

This claim is dismissed without prejudice.

### VI. CONCLUSION

After considering the motion and the record,

**IT IS ORDERED** that defendant's motion for summary judgment (**ECF No. 19**) is **GRANTED**.

The District Court Executive is directed to file this Order,

ORDER ON SUMMARY JUDGMENT
12

1  provide copies to counsel for plaintiff and defendant, dismiss the

2  complaint with prejudice, enter judgment in favor of defendant, and

3  CLOSE this file.

4      **DATED** this 16th day of December, 2011.

5                              s/James P. Hutton

6                         JAMES P. HUTTON
                      United States Magistrate Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER ON SUMMARY JUDGMENT
28   13